# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| **JAMES BRADY, # 89409** | **PLAINTIFF** |
| **VERSUS** | **CIVIL ACTION NO. 3:16cv959-CWR-FKB** |
| **MISSISSIPPI DEPARTMENT OF CORRECTIONS, MARSHALL FISHER, BRIAN LADNER, JOANN SHIVERS, SEAN SMITH, LIEUTENANT CARLOS FUNCHES, and RON KING** | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court sua sponte. Pro se Plaintiff James Brady is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he brings this action under 42 U.S.C. § 1983 and state law, challenging the conditions of his confinement. The Court has considered and liberally construed the pleadings. As set forth below, Defendants MDOC, Marshall Fisher, Joann Shivers, Lieutenant Carlos Funches, and Ron King are dismissed.

## BACKGROUND

Brady is currently housed at Central Mississippi Correctional Facility. Defendant Ron King is the Superintendent, Brian Ladner is the Warden, and Defendant Joann Shivers is an Associate Warden at the prison. Defendant Lieutenant Carlos Funches was employed there as a correctional officer. Defendant Marshall Fisher is the former Commissioner for the Mississippi Department of Corrections, and Defendant Sean Smith is supervisor of MDOC's Corrections Investigative Division.

Brady alleges that on the morning of April 1, 2016, K-9 officers conducted a shakedown of his housing zone. After it was over, three inmates, who were gang members, allegedly called

Brady a snitch and beat him. One of them punched Plaintiff with a lock. Plaintiff was able to leave the zone and report what had happened. This was around 10:00 a.m.

According to Plaintiff, he was then stitched up in the infirmary. Around 1:00 p.m. he was interviewed by Ladner and Smith. Ladner had Brady placed on another zone, where he was again allegedly attacked by inmates belonging to the same gang as the three from the first attack. Brady claims that "Ladner knew of the gang problem but refuse[d] to all[e]viate the problem." (Resp. [10] at 2). Further, Brady contends that he had "verbally requested to red tag the individuals that beat him up. He made this request to Warden Brian Ladner[,] Sean Smith and in [Brady's] request for administrative remedy which was answered by Superintendent Ron King and Joann Shivers," but Brady's request was denied. *Id.* at 3.

Besides the denial of red tags, Brady complains about a loss of property. Specifically, he alleges that after the interview with Ladner and Smith, Ladner sent Funches to retrieve Brady's property from his old zone so it could be moved with him. Brady purports that this property consisted of various canteen items, two radios, state issued items, and diabetic shoes. By this time, however, they had already been allegedly stolen by the three inmates who had attacked him that morning. Brady claims that Ladner and Smith would not fill out an incident report, which prevented him from proving the theft of his property in the administrative grievance, referenced above. Brady also contends that MDOC failed to immediately retrieve his property when he first reported the attack.

On December 12, 2016, Brady brought this action, under § 1983 and state law, claiming a failure to protect him and his property. He claims that Ladner, Smith, and King, in his official capacity, have failed to protect him from harm, under the Eighth Amendment, and that Plaintiff's property was lost as a result of failures to adhere to MDOC policy. King is also sued, in his official

2

capacity, for not protecting the property. Brady seeks damages and for his property to be replaced. Recently, Brady has moved to dismiss Fisher, Shivers, and Funches.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Brady to proceed *in forma pauperis* in this action. The Complaint is subject to *sua sponte* dismissal under § 1915.

Among others Brady sues MDOC, Fisher, Shivers, Funches, and King, in his official capacity.

### MARSHALL FISHER, JOANN SHIVERS, AND CARLOS FUNCHES

Brady voluntarily dismisses Fisher, Shivers, and Funches. They are therefore dismissed without prejudice.

3

MDOC

Brady sues MDOC under § 1983 for the alleged failure to protect and under state law for the loss of his personal property. He seeks damages and the return of his property.

First, § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. MDOC is considered an arm of the State of Mississippi. Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of Corrs.*, No. 2:05cv2159-KS-JMR, 2006 U.S. Dist. LEXIS 43683 at *2 (S.D. Miss. June 12, 2006). Therefore, the § 1983 claim against MDOC is dismissed with prejudice.

Second, to the extent MDOC is sued under the Mississippi Tort Claims Act, the Act does not waive the State's Eleventh Amendment immunity "from suit in federal court." Miss. Code Ann. § 11-46-5(4). Therefore, the state law claim against MDOC is dismissed without prejudice.

RON KING

As for King, he is sued only in his official capacity. Brady claims that on November 11, 2016, King denied the administrative grievance, and in doing so, "failed in his official capacity to protect me from harm and allowing me to red tag these individuals therefore [sic] violated my 8th Amendment right to a safe environment," and that King "failed in [his] official capacity to protect

[Plaintiff's] property." (Resp. [10] at 3). Plaintiff again seeks damages and an injunction for return of his property.

A claim brought against a government employee in his official capacity is actually a claim against the governmental entity itself. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Therefore, the claims brought against King, sued only in his official capacity, are claims against the State of Mississippi. The claims against King fail for the same reason that they did not survive against MDOC.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendants Mississippi Department of Corrections and Ron King should be, and are hereby, **DISMISSED**. The 42 U.S.C. § 1983 claims against them are dismissed with prejudice. The state law claims against them are dismissed without prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants Marshall Fisher, Joann Shivers, and Lieutenant Carlos Funches are **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 41(a). The remainder of the case shall proceed.

**SO ORDERED AND ADJUDGED**, this the 20th day of April, 2017.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE